Stuart M. Price (SBN:150439)
Price Law Group, APC
6345 Balboa Blvd, Suite 247
Encino, CA 91316
Tel: 818-205-2466
Stuart@pricelawgroup.com
Attorney for Plaintiff,
*Noemi Galvez*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEMI GALVEZ,<br><br>      Plaintiff,<br><br>vs.<br><br>OPTIO SOLUTIONS, LLC d/b/a<br>QUALIA COLLECTION SERVICES,<br><br>      Defendant. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Noemi Galvez ("Plaintiff"), through her attorneys, alleges the following against Defendant, Optio Solutions, LLC d/b/a Qualia Collection Services, ("Defendant").

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among

other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of the Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

4. Jurisdiction of the court arises under 28 U.S.C. § 1331, 15 U.S.C. 1692k(d) and 47 U.S.C. § 227.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in North Hollywood, Los Angeles County, California.

8. Plaintiff is a consumer as defined by CAL. CIV. CODE § 1788(h*)* and 15 U.S.C. § 1692a(3).

9. Defendant is a servicer of unsecured consumer debt with its headquarters located in Petaluma, CA and regularly transacts business throughout the

United States and California. Defendant may be served with process at its registered agent, Christopher Schumacher, at 1444 N. McDowell Blvd., Petaluma, CA 94954.

10. Defendant engages in the practice of debt collection and, therefore is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

## FACTUAL ALLEGATIONS

11. Defendant is attempting to collect a debt from Plaintiff.

12. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" under the FDCPA, 15 U.S.C. § 1692a(5), and qualifies as a "consumer debt" as defined by the RFDCPA, Cal. Civ. Code §1788.2(f).

13. On or about April 2017, Defendant began placing calls to Plaintiff's cellular phone number (323) 273-8493, in an attempt to collect an alleged debt.

14. The calls came from telephone number (800) 398-6146; upon information and belief these numbers are owned or operated by Defendant.

15. On or around April 19, 2017, at approximately 5:01 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

16. Defendant informed Plaintiff that it was attempting to collect a debt.

17. Plaintiff instructed Defendant not to contact her any further.

18. Defendant ignored Plaintiff's requests to cease calls and continued calling her through June 2017.

19. Upon information and belief, no less than 5 calls were made by the Defendant to the Plaintiffs cellular phone after Plaintiff initially requested not to be contacted.

20. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain computer software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database od numbers." *2003 TCPA Order*, 18 FCC Rcd at 14091, para. 131.

21. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id.*

22. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id.* At 14091-92, paras. 132-33

23. Plaintiff works as a nurse and keeps her cellular phone on in case of emergencies. The calls distracted her during her work shifts.

24. Plaintiff was unable to turn her phone off because, as a single mother, she must be available to her son at all times.

25. Plaintiff went to the doctor with complaints of headaches and insomnia, which she believes were a result of the collection calls.

26. The conduct was not only willful, but done with the intention of causing Plaintiff such distress, and to induce her to pay the debt.

27. Due to Defendant's conduct, Plaintiff has sustained actual damages, including but not limited to, emotional and mental pain and anguish.

# COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

28. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

29. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a) Prior to the filing of the action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

(b) Within four years prior to the filing of the action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff on Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

30. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### (Violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)

31. Plaintiff incorporates herein by reference all of the above paragraphs of the complaint as though fully set forth herein at length.

Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b) Defendant violated Cal. Civ. Code § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute harassment to the debtor under the circumstances; and

(c) Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

    (i) Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

    (ii) Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

    (iii) Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

32. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.
33. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduce violated the RFDCPA, actual damages, statutory damages, and attorneys' fees and costs.

## COUNT III
**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

34. Plaintiff incorporates herein by reference all of the above paragraphs of the complaint as though fully set forth herein at length.
35. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.
36. Defendant violated provisions of the FDCPA, including but not limited to, the following:
    a. Defendant violated §1692d(5) by causing a telephone to ring repeatedly or continuously with intent to annoy, abuse or harass any person at the called number.
    b. Defendant violated §1692f by using unfair or unconscionable means to collect or attempt to collect any debt.
37. As a result of the above violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages of up to $1,000 and attorney's fees and costs.

**WHEREFORE**, Plaintiff, Noemi Galvez, respectfully requests judgment be entered against Defendant, Qualia Collection Services, for the following:

    A. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), 47 U.S.C. § 227(b)(3)(B) and Cal. Civ. Code §1788.30(b);

B. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civ. Code §1788.30(a);

C. Costs and reasonable attorneys' fees pursuant to the Cal. Civ Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3);

D. Any other relief that the Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: January 22, 2018                    By: */s/ Stuart Price*
                                                Stuart Price, Esq.
                                                6345 Balboa Blvd, Suite 247
                                                Encino, CA 91316
                                                Tel: 818-205-2466
                                                Stuart@pricelawgroup.com
                                                Attorney for Plaintiff,
                                                *Noemi Galvez*